UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL MONJI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, a public entity, et al.,<br><br>　　　　Defendants. | No.  1:19-cv-01526-LJO-JLT<br><br>ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND<br><br>(Doc. No. 12) |

Defendant Kern County Hospital Authority ("KCHA") moves to dismiss Plaintiff Marcel Monji's ("plaintiff") suit against it, contending plaintiff's complaint fails to allege with sufficient particularity the claims against KCHA. (*See* Doc. No. 12.)  The complaint asserts violations of plaintiff's right to due process under the Fourteenth Amendment and the right to be free from cruel and unusual punishment under the Eighth Amendment, with those claims brought pursuant to 28 U.S.C. § 1983 ("§ 1983").  (*See* Doc. No. 1.)  The court has considered the parties' papers and finds it appropriate to rule on plaintiff's motion without oral argument.  *See* Local Rule 230(g).  For the reasons set forth below, the court will grant KCHA's motion to dismiss.

**BACKGROUND**

In his complaint, plaintiff alleges as follows.  Plaintiff was incarcerated in Kern County Jail from August 15, 2018, until sometime in October of 2018.  (Doc. No. 1 at ¶ 10.)  After being released, plaintiff was re-arrested that same month on an unspecified date.  (*Id*.)  Plaintiff was in

1

custody through December 21, 2018. (*Id.*) During some of the time plaintiff held in custody, he was a pretrial detainee. (*Id.*) During the balance of the time, he was a convicted prisoner. (*Id.*) The dates for these periods of time are not specified in the complaint. (*Id.*)

Plaintiff alleges he has a "history of requiring mental health services" and has "a psychiatric diagnosis." (Doc. No. 1 at ¶ 11.) During the two periods of his time custody, plaintiff contends that he did not receive adequate mental health care. (*Id*. at ¶ 12.) He states he received a mental health screening from an unlicensed associate social worker on August 26, 2018, which indicated that he needed a psychiatric evaluation, as well as verifications of his medications. (*Id.*) Plaintiff contends he was not seen by a psychiatrist until December 6, 2018, at which time medications were prescribed to him. (*Id.*) During much of his time in custody, plaintiff alleges he was held in isolation, under official policy or custom and practice, because there were no facilities at the Kern County Jail to house those suffering with mental health issues. (*Id*. at ¶ 13.) Plaintiff contends that the delay in his receiving appropriate psychiatric evaluation and adequate mental health care, as well as the periods of time he was held in isolation, deprived him of his constitutional rights. (*Id*. at ¶¶ 14–15.)

**LEGAL STANDARD**

A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth, allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

## ANALYSIS

KCHA argues that plaintiff's claim is deficient because he fails to allege an affirmative act or omission by KCHA that would make it liable and, instead, plaintiff makes only conclusory allegations couched in the form of "defendants and each of them," indiscriminately lumping all named defendants together. (Doc. No. 12 at 4.) In his opposition to the pending motion to dismiss, plaintiff argues that he has pled sufficient facts to state cognizable claims under *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). (Doc. No. 14 at 8.)

**A.     The Sufficiency of Plaintiff's Claims**

To state a claim under 28 U.S.C. § 1983, plaintiff must allege facts showing that: (1) the defendant was acting under color of state law at the time the complained of act was committed; and (2) the defendant's conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Jensen v. City of Oxnard*, 145 F.3d 1078, 1082 (9th

3

Cir. 1998). Section 1983 requires that there be an actual connection or link between the actions of the defendant and the constitutional deprivations alleged to have been suffered by the plaintiff. *See Monell*, 436 U.S. 658. The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under § 1983, a plaintiff must satisfy the "linkage requirement"—meaning that the plaintiff must allege facts linking each named defendant with some affirmative act or omission that demonstrates a violation of the plaintiff's federal rights. The plaintiff must specify which defendant(s) she feels are responsible for each violation of her constitutional rights and the factual basis, as her complaint must put each defendant on notice of plaintiff's claims against her. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

A municipality cannot be held liable under § 1983 for the actions of its employees under the theory of *respondeat superior*. *Monell*, 436 U.S. at 691. To state a claim against a public entity under *Monell*, a plaintiff must plead "(1) that the plaintiff possessed a constitutional right of which she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (2011) (internal quotation marks and citations omitted). The alleged policy must be the result of a decision of a person employed by the entity who has final decision or policy making authority. *Monell*, 436 U.S. at 694.

Here, plaintiff's specific allegations against KCHA (and the other named defendants)[2] include that "defendants and each of them": "were aware of [plaintiff's] psychiatric diagnosis"

---

[2] The additional defendants named by plaintiff in this action are: County of Kern, a public entity; County of Kern Sheriff's Department, an agency of the County of Kern; Behavioral Health and Recovery Services, an agency of the County of Kern; Sheriff Donny Youngblood, a public employee; Deputy Tyson Davis, a public employee; Bill Walker, a public employee; and Does 1-10.

and that "he would require mental health services" (¶ 11); "failed to provide adequate mental health care" to plaintiff (¶ 12); "had an explicit policy and or custom and practice of isolating prisoners with mental health issues from other prisoners" (¶ 13); "were aware that its policies and procedures resulted in the deprivation of civil rights to those persons in its jail population" with "mental health issues," creating a "substantial risk of suffering serious harm," and "did not take available measures to abate that risk" of harm (¶ 14); "were aware that said acts were not designed or carried out for purposes of providing mental health treatment" but rather "for the purpose of punishment" (¶ 15); "deprived [p]laintiff of his civil rights" and "acted with deliberate indifference" (¶¶ 17-18); and "purposefully made a decision under which plaintiff was confined" in isolation and failed "to provide [p]laintiff with mental health services," which caused him harm (¶ 21). (Doc. No. 1; *see also* Doc. No. 12 at 4.)

The allegations in plaintiff's complaint are largely conclusory. To the extent plaintiff alleges that the Doe defendants may be employees or agents of KCHA (Doc. No. 1 at ¶ 9), plaintiff has not alleged any facts showing any connection or link between the deprivations alleged and the acts or omissions of the unidentified Doe employees or agents. Plaintiff's repeated use of "defendants and each of them" (and one or two variants) simply does not assert with sufficient specificity how Doe employees or agents of KCHA are allegedly responsible for the claimed constitutional violations. Though plaintiff has alleged that KCHA "provides medical, psychological and other ancillary services to" Kern County's jail facilities (*Id*. at ¶ 8), there are no *specific* assertions that agents or employees of KCHA had contact with or were responsible for plaintiff's confinement in isolation or his allegedly deficient mental health care. That, coupled with the "bare assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not entitled to be assumed true." *Iqbal*, 556 U.S. at 681.

To the extent plaintiff asserts *Monell* claims against KCHA, which he argues he has sufficiently alleged, plaintiff has not satisfied the applicable pleading standard. As stated above, a *Monell* claim requires allegations that the plaintiff was deprived of a constitutional right; that the municipality involved had a policy and that policy amounted to deliberate indifference to the plaintiff's constitutional right; and, that the policy was the moving force behind the constitutional

5

violation. *Dougherty*, 654 F.3d at 900.  Additionally, "a plaintiff asserting a *Monell* claim, including a claim based on a policy, practice, or custom, must contain sufficiently detailed factual allegations 'to give fair notice and to enable the opposing party to defend itself effectively' and which 'plausibly suggest an entitlement to relief.'" *J.M. By & Through Rodriguez v. County of Stanislaus*, 1:18-cv-01034-LJO-SAB, 2018 WL 5879725, at *4 (E.D. Cal. Nov. 7, 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).  The factual allegations "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216.

Here, plaintiff's complaint is devoid of the sufficiently detailed factual allegations required. The court acknowledges the potential difficulty in pleading a *Monell* claim pre-discovery; however, plaintiff has not alleged anything akin to: a specific policy, rather than a bare assertion; a policy that was held *by KCHA*, as opposed to one or more of the other named defendants; or a policy that was a moving force behind the plaintiff's detention in isolation and alleged negligent mental health care. Even accepting plaintiff's allegations as true for the purposes of this motion, some of the policies alleged in the complaint are vague, and perhaps more importantly, the policies are not specifically attributed to KCHA but rather to all the named defendants without distinction.  For these reasons, plaintiff's *Monell* claims fail as pled.

On a related matter, plaintiff incorporates new factual allegations in his opposition to KCHA's motion, and he also attaches extrinsic documents in support of some of these factual allegations. (*See, e.g.*, Doc. No. 14 at 2, 3-4, 6, 9.)  New allegations contained in an opposition motion are irrelevant when deciding a motion to dismiss pursuant to Rule 12(b)(6). *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998). "In determining the propriety of a Rule 12(b)(6) dismissal, a court *may not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss" because the memorandum is not a pleading under Federal Rule of Civil Procedure 7(a). *Id.* (emphasis original). Therefore, in reaching its decision, the court did not consider plaintiff's new factual allegations or his extrinsic documents, which are not quoted or referenced in his complaint, or otherwise integral to it.

6

**B.     Punitive Damages**

Last, KCHA states that punitive damages are unavailable against public entities as a matter of law and that it (KCHA) is a public entity.  (Doc. Nos. 12 at 5; 15 at 3.)  Presumably, KCHA seeks to strike plaintiff's punitive damages claims against it.  Plaintiff did not respond to KCHA's assertion in his opposition.

A public entity is immune from punitive damages under § 1983.  *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 271 (1981).  For that reason, underscored by plaintiff's apparent non-opposition, the court finds KCHA is not subject to punitive damages.

## CONCLUSION

For the reasons set forth above, defendant Kern County Hospital Administration's motion to dismiss (Doc. No. 12) is **GRANTED** in its entirety **WITHOUT PREJUDICE**, and plaintiff's claims against KCHA are dismissed.

Plaintiff will be granted **30 DAYS TO AMEND** his complaint, and is warned that his failure to do so will result in the dismissal of that defendant with prejudice.  Plaintiff is also forewarned that this will likely be his last opportunity to amend and cure the noted deficiencies of his pleading of claims against defendant Kern County Hospital Administration.  The court further warns plaintiff that KCHA is not subject to punitive damages as a matter of law and any punitive damages claims against that defendant included in any amended complaint plaintiff elects to file will be stricken.

IT IS SO ORDERED.

Dated:   **August 11, 2020**                                  *Dale A. Drozd*
                                                              UNITED STATES DISTRICT JUDGE