# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL MONJI,<br><br>          Plaintiff,<br><br>     v.<br><br>COUNTY OF KERN, et al.,<br><br>          Defendants. | Case No.: 1:19-CV-01526-NONE-JLT<br><br>ORDER GRANTING UNOPPOSED MOTION TO FILE SECOND AMENDED COMPLAINT<br>(Doc. 31) |

The plaintiff seeks to file a second amended complaint to add a third and fourth causes of action raising additional claims of unconstitutional treatment by the Sheriff, the Sheriff's Office, the County of Kern and Deputy Tyson. (Doc. 31 at 3) The defendants do not oppose the motion (Doc. 32, 33) The Court **GRANTS** the motion.

**I.     Legal Standards for Leave to Amend**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because the plaintiff has already amended the complaint, he must obtain leave of the Court to do so.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely

1

give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality.  *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).  After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakima Indian Nation v. Wash. Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

## II.    Discussion and Analysis

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984).  These factors are not of equal weight as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend.  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### A.    Prior amendments

Though the Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading *Allen*, 911 F.2d at 373, none of the defendants object to the plaintiff filing the second amended complaint. Therefore, this factor does not weigh against amendment.

### B.    Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend

2

pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

The plaintiff has not unduly delayed in seeking to file the second amended complaint and there is significant discovery time still available. Thus, the amendment would not cause any delay in the litigation, and this factor does not weigh against amendment.

### C. Bad faith

There is no evidence that the amendment is sought in bad faith. Accordingly, this factor does not weigh against amendment.

### D. Futility of Amendment

There is no indication that the amendment would be futile. Thus, this factor does not weigh against granting leave to file an amended answer.

### E. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187. There is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052. Significantly, none of the defendants have opposed the motion to amend. Therefore, this factor does not weigh against amendment.

## IV. Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing the plaintiff to file an amended answer. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343.

According, the Court **ORDERS**:

1. The plaintiff's motion to file a second amended complaint (Doc. 31) is **GRANTED**; and
2. The plaintiff **SHALL** file the second amended complaint no later than December 29, 2020;
3. The defendants SHALL respond to the second amended complaint with 21 days of its filing or file a statement that the answers previously filed should be deemed an answer to the second amended complaint.

IT IS SO ORDERED.

Dated:   **December 22, 2020**            /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE

4